IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **FLOYD DELOACH** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 7:06-CV-44 (HL) |
| : | |
| Sheriff ASHLEY PAULK, Nurses LEWIS : | |
| and LOUISE WRIGHT, the LOWNDES CO. : | |
| COMMISSIONERS, and HEALTH CARE : | |
| PROVIDER, : | |
| Defendants. : | |

**RECOMMENDATION**

This is a § 1983 action brought by a *pro se* plaintiff presently incarcerated at Johnson State Prison. However, when the circumstances giving rise to this lawsuit allegedly occurred plaintiff was incarcerated at the Lowndes County Jail in Valdosta, Ga. Presently pending herein are two motions to dismiss plaintiff's complaint in which it is alleged that he has failed to diligently prosecute his complaint as required Federal Rule of Civil Procedure 41(b). Defendants Paulk and Lowndes County Board of Commissioners filed their motion on December 17, 2007, (R. at 27), followed by the remaining defendants on December 18, 2007, (R. at 29). Although plaintiff was given notice of the filing of both motions and advised of the possible outcome should he fail to respond, no responses have yet been filed. This is the sixth case this week brought by the plaintiff in which the undersigned has recommended that the motions to dismiss be granted. Plaintiff responded to none of the motions in any of the six cases. For whatever reason, all activity by plaintiff in prosecuting any of these cases ceased in early May 2007.

*Discussion*

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a

determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution inasmuch as it is clear that the Federal Rules of Civil Procedure apply to them. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his objections to the answer of certain defendants over one year ago on May 4, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. (R. at 25). The plaintiff has had more than adequate time to pursue his claim against these defendants but he has failed to do so. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the **RECOMMENDATION** of the undersigned that both pending motions to dismiss plaintiff's case for his failure to prosecute same be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

**SO RECOMMENDED**, this 9th day of May 2008.

>　　　　　　　　　　　　　　　*/s/ Richard L. Hodge*
>　　　　　　　　　　　　　　　RICHARD L. HODGE
>　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE